UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-MJ-02262-Torres

UNITED STATES OF AMERICA

v.

ALEX PASCAL,

 Material Witnesses.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?   ____ Yes  _X_ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? __ Yes  _X_ No

3. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? _ Yes  _X_ No

 Respectfully submitted,

 JUAN ANTONIO GONZALEZ
 UNITED STATES ATTORNEY

 By:  *Yara Dodin*
 YARA DODIN
 Assistant United States Attorney
 Florida Bar No.: 0124979
 99 N.E. 4th Street
 Miami, FL 33132
 Tel: No. (786) 761-3135
 Fax No. (305) 536-4676
 E-mail: Yara.Dodin@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>ALEX PASCAL,<br><br>Material Witnesses. | )<br>)<br>)  Case No.  22-MJ-02262-Torres<br>)<br>)<br>)<br>) |

### MATERIAL WITNESS COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of   February 14, 2022   in the county of   Miami-Dade   in the
  Southern   District of   Florida, and elsewhere  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 3144 | Being a material witness in a criminal proceeding, whose presence may become impracticable to secure by subpeona, and therefore whose presence is required at a deposition. |

This material witness complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

S.A. Ryan Dreibelbis, FBI   ID #2624
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Telephone.

Date: Feb. 18, 2022

_____
Judge's signature

City and state:   Miami, Florida   Hon. Edwin G. Torres, Chief U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Ryan Dreibelbis, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), currently assigned to the Violent Crimes and Fugitive Task Force of the FBI's Miami Division. My duties involve the investigation of a variety of violations of federal offenses, including bank robberies, Hobbs Act robberies, extortion, kidnappings, and other violations of federal law. I have been an FBI Special Agent since February 2018 and have been assigned to the Miami Division since May 2019. Prior to moving to the Miami Division, I worked as a Special Agent for a year and a half and investigated narcotics trafficking violations while assigned to the New York Division of the FBI.

2. I am familiar with the facts and circumstances surrounding this investigation from my own investigative efforts, as well as from information obtained from other law enforcement officers with personal knowledge of the evidence and activities described herein. Although I am familiar with the facts and circumstances of this investigation, I have not included each and every fact known to me about the matters set forth herein, but only those facts that I believe are necessary to establish probable cause that the testimony of witnesses Alex PASCAL is material to the prosecution of Francisco Louis for Hobbs Act robbery and brandishing a firearm in furtherance of a crime of violence in United States v. Francisco Louis, 21-CR-20252.

3. Francisco Louis is charged in United States v. Louis, 21-CR-20252 by indictment with six counts of Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951(a) and six counts of brandishing a firearm in furtherance of a crime of violence in violation of Title 18, United States Code, Section 924(c).

**PROBABLE CAUSE**

4. Beginning on or around April 16, 2020, and continuing through on or around April 25, 2020, LOUIS committed six different armed robberies with a firearm at various Metro PCS stores in Miami-Dade and Broward counties. In each robbery, LOUIS wore the same, or substantially the same clothing – and the witnesses from each scene described the clothing the defendant wore to police officers who arrived at those scenes. The witnesses generally described, and the surveillance footage from five out of the six robberies showed, a thin black male of average height wearing a beanie on his head, a black t-shirt, black, white, and red, Jordan shorts, black, white, and red Jordan shoes, and on some occasions wearing black cloth-like gloves and sometimes carrying a satchel, entered each Metro PCS, approached the clerk(s) and produced a black firearm.

5. In a number of the robberies, LOUIS required the clerks to lay face down on the ground while pointing the firearm at them before demanding phones or taking money out of the registers. In each of these robberies, the defendant was wearing a Covid-19 styled facemask.

6. In one of the robberies that occurred on April 23, 2020, LOUIS entered the Metro PCS store that was occupied by the victim clerk, PASCAL, and three civilians - one of whom was a child. He approached PASCAL who was working behind the counter, took a black firearm out of his satchel, and pointed it at PASCAL. He forced PASCAL to lay face down on the ground at gunpoint before taking the money out of the register. LOUIS took approximately $675 before fleeing the store. This incident is captured on surveillance footage.

7. LOUIS drove a black Mercedes with a dent on the side of the car before and after the robberies occurred, and surveillance footage from businesses around the targeted Metro PCS stores show footage of this occurring. Law enforcement found surveillance from the Bee Pawn

Shop which showed the same black Mercedes on the date of the first robbery driving in a parking lot revealing the car's license plate number. That license plate number was then input into the license plate reader ("LPR") notifying law enforcement whenever the black Mercedes with that license plate number drove through an area with an LPR.

8. On or about May 6, 2020, law enforcement surveilled the area of the Aliro Apartment building in Miami, Florida, and found the black Mercedes parked in the parking lot. LOUIS was seen walking out of the apartment building carrying a satchel before occupying the car as the sole occupant and driver. LOUIS drove away, and law enforcement followed. LOUIS, realizing he was being followed by the police, started driving away quickly and recklessly. Law enforcement attempted to effectuate a traffic stop, but LOUIS sped away. He crashed the car, jumped out and ran away. Law enforcement later found him nearby in the bushes after seeking the assistance of aviation.

9. Law enforcement found a beanie matching the beanie the robber wore during the robberies on the ground just outside of the black Mercedes. They also found a black t-shirt and black cloth like gloves inside the Mercedes matching the description of the robbery clothing, and two cellular phones belonging to LOUIS were located in the driver's seat of the car. On the day of LOUIS' arrest on state fleeing to elude charges, he made a phone call from jail. In that call, he told his girlfriend to tell his mother to get rid of all of his shoes, and to get rid of his black, white, and red Jordan shorts.

10. One day after this call was made, FBI agents conducted a search warrant at LOUIS' home where his mother also resides. They did not locate the black, white, and red Jordan shorts. They did, however, locate the black, white, and red Jordan shoes that match the shoes the robber wore during the commission of each robbery inside the defendant's closet. They

3

also found a Bee Pawn Shop receipt in LOUIS' bedroom noting the purchase of a gun.

11. One day after the search of the residence, law enforcement – realizing LOUIS exited the Aliro Apartment building prior to the police chase with a satchel but was not arrested with one on his person – retraced the steps of the chase. They located the satchel in shrubbery in the same general location where the chase of LOUIS occurred two days prior. The satchel contained a black firearm with the same serial number as the serial number on the Bee Pawn Shop receipt located in the defendant's bedroom, $401 in U.S. currency, two magazines: one black and one clear, ammunition, credit cards that did not belong to the defendant, and one pre-paid debit card in the defendant's name.

12. When law enforcement conducted a phone dump of the LOUIS' phones, they found text messages where the defendant is negotiating the sale of brand-new iPhone 7's, just two days after the first robbery where he stole 8 iPhone 7's from Metro PCS. Additionally, during the time frame of the robberies, the defendant attempted to sell a black C300 2010 Mercedes, the same Mercedes used during the robberies and the same Mercedes LOUIS drove and crashed after fleeing from the police.

13. Subsequently, LOUIS was charged by Indictment in the Southern District of Florida with Hobbs Act robbery in violation of Title 18, United States Code, Section 1951(a) and brandishing a firearm in furtherance of a crime of violence in violation of Title 18, United States Code, Section 924(c). Trial is set for March 1, 2022.

14. On or about January 20, 2022, PASCAL was served with a subpoena to appear for trial which at the time was scheduled for January 31, 2022.

15. Then, on or about February 14, 2022, your Affiant and the assigned Assistant United States Attorneys ("AUSAs") met with PASCAL at the Metro PCS store he currently

works. When your Affiant, and the AUSAs attempted to explain to PASCAL why we were there and his role in this process, PASCAL stated – and reiterated – that he did not want to participate in any way.

16. It was explained to PASCAL that he is one of the victims of the indicted charges, and his testimony is needed at trial to establish the offense. Still, PASCAL stated he did not want to participate. The AUSAs explained they would be forced to seek a material witness warrant and further explained he would be arrested pursuant to the warrant, and PASCAL said, "do what you gotta do."

17. When your affiant attempted to understand why PASCAL was unwilling to come to court – and your affiant served him with a subpoena via email for the two-week trial period beginning March 1, 2022 – PASCAL indicated hesitation in cooperating with law enforcement generally, and did not want to assist. Despite PASCAL's confirmation that he was forced to lay face down at gunpoint by his assailant during the robbery, he was resolute in his unwillingness to comply with the subpoena and testify at trial.

[remainder of page left blank intentionally]

**CONCLUSION**

18. Based on the foregoing facts, PASCAL's testimony is material to the prosecution of this case. I submit that probable cause exists to believe that the witness' refusal to come to court makes it impractical to secure his presence by subpoena for trial in the prosecution of LOUIS for Hobbs Act robbery and brandishing a firearm in furtherance of a crime of violence in United States v. Francisco Louis, 21-CR-20525. Therefore, his arrest and subsequent detention is necessary to preserve his testimony pursuant to Title 18, United States Code, Section 3144. FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Ryan Dreibelbis
Special Agent
FBI

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1
By Telephone this ___18___ day of February 2022.

_____
HONORABLE EDWIN G. TORRES
CHIEF UNITED STATES MAGISTRATE JUDGE

6